■ In the Matter of Louis Vazquez, Petitioner, v Howard Safir, as Police Commissioner of the City of New York, Respondent. [673 NYS2d 12] —Determination of respondent Police Commissioner dated July 10, 1996, finding petitioner guilty of failing to promptly report and then falsely denying a firearms discharge, and dismissing him from his position as a police officer, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Elliott Wilk, J.], entered February 4, 1997) dismissed, without costs.

Respondent's determination that petitioner, while off-duty, discharged multiple rounds from a gun he owned, other than his service weapon, failed to promptly report the incident and then made false and misleading statements concerning the incident is supported by substantial evidence. Ballistics evidence established that many of the shell casings found at the scene were fired from the gun in question. Other ballistics evidence stating that there was no indication of discharge present in the bore of the gun in question, and the testimony and reports of investigators concerning their interviews of witnesses either supporting or not inconsistent with petitioner's claim that he did not fire his gun, raised issues of weight of the evidence and credibility that are beyond judicial review (see, Matter of Berenhaus v Ward, 70 NY2d 436, 444). The penalty of dismissal is not disproportionate to the offense, and there is no evidence that it was the product of bias. Concur—Sullivan, J. P., Rosenberger, Williams and Tom, JJ.